UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIDAN'S REAL ESTATE, INVESTMENTS, LLC., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:20-890 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| AARON'S INC., | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the plaintiff's motion for summary judgment be granted and the parties be directed to submit a revised case management plan addressing how they wish to proceed in determining damages. (Doc. 31). The defendant has filed objections to the report (Doc. 32) to which the plaintiff has responded (Doc. 33).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The instant action arises out of a dispute involving a commercial real estate lease. Plaintiff brought the action claiming breach of contract after defendant notified plaintiff it was closing its store at the leased premises and ceasing operations. Defendant did not offer to pay the balance due on the lease. Plaintiff issued a notice of default under the terms of the agreement, accelerated the lease payments, and made demand for payment. Although

defendant made some monthly lease payments, the rent acceleration demand went unfulfilled and, as a result, plaintiff brought the instant action.

In considering plaintiff's motion for summary judgment, Judge Carlson determined that the motion should be granted as to liability and further proceedings should be held with respect to damages. In doing so, after setting forth the standard for considering summary judgment motions and the Pennsylvania law governing contract interpretation, Judge Carlson determined that, while there were a series of written agreements to be considered in this case, there were no material ambiguities in the agreements which would defeat summary judgment.

In an attempt to defeat summary judgment, defendant argued that it was not liable under the lease based on a typographical error in the plaintiff's filings and that the lease was not properly assigned to it by the original contracting parties. In considering defendant's latter argument, Judge Carlson noted that, while the original agreements were defined as non-transferable by the original lessee, RFR, this term was later modified by the parties, after which the documentation plainly manifested an intention by both plaintiff and defendant to enter into a landlord-tenant relationship in accordance with the terms of the original lease agreement.

As for the typographical error, in paragraph 9 of its statement of material facts, plaintiff referred to Section 12.2 of the lease, a section which does not exist, for the proposition that upon occurrence of a default the plaintiff would be permitted to accelerate the rent through the remainder of the term. All other references regarding default were to Section 13.3. Judge Carlson found that the reference to Section12.2 was a clear typographical error as to this fact, and that it was clear that plaintiff meant to refer to Section 13.3 which contains an acceleration clause.

Defendant objects to Judge Carlson's correction of the typographical error arguing that it did not have the opportunity to answer plaintiff's claims based on Section 13.3, as opposed to the non-existent Section 12.2. However, in his report, Judge Carlson made a finding only as to liability. Plaintiff's basis for default and, as a result liability, was Section 13.3, not Section 12.2. Moreover, the statement of fact corrected by Judge Carlson which relied upon the erroneous Section 12.2, relates to a remedy available as a result of default. The appropriate remedy as a result of the default is a matter not yet addressed.

In its objections, defendant further argues that Section 13.3 is ambiguous thereby precluding a finding of liability. Upon review, this argument was not raised before Judge Carlson in opposing the plaintiff's

motion for summary judgment and, as a result, it will not be entertained by way of defendant's objections to Judge Carlson's report.

In light of the foregoing, the court will overrule defendant's objections to Judge Carlson's report and direct that summary judgment be entered in favor of the plaintiff as to liability.

While Judge Carlson found that the question of liability for breach of the agreement was established as a matter of law, he recommends further proceedings to determine the proper amount of damages owed by defendant. For its part, plaintiff argues that the court should enter damages in the sum certain amount of $581,169.42. Plaintiff argues that it submitted a certification from one of its principals indicating that this was the amount due and owing under the lease as of the date its motion for summary judgment was filed and that defendant did not respond to the certification. However, there is an indication that defendant has continued to make partial payments toward the lease and plaintiff's amount does not appear to account for the additional partial payments made by defendant. As such, the court will also adopt that portion of Judge Carlson's report which recommends further proceedings with respect to the amount of damages owed.

In accordance with the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 5, 2021**
20-890-01